**QIAO QIAO ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3621–ag.

United States Court of Appeals, Second Circuit.

March 7, 2008.

Tina Howe, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Edward J. Duffy, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Qiao Qiao Zheng, a native and citizen of China, seeks review of an August 2, 2007 order of the BIA affirming the March 22, 2006 decision of Immigration Judge ("IJ") Alan Page, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng, Qiao Qiao,* No. A97 384 883 (B.I.A. Aug. 2, 2007), *aff'g* No. A97 384 883 (Immig. Ct. N.Y. City Mar. 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Niang v. Mukasey,* 511 F.3d 138, 145 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. The Court reviews *de novo* questions of law and the application of law to undisputed fact. *Manzur v. Dep't of Homeland Sec.,* 494 F.3d 281, 288–89 (2d Cir.2007).

■ We find that the IJ's adverse credibility determination is supported by substantial evidence, as the record supports the IJ's conclusion that Zheng's testimony was inconsistent with her credible fear interview in several respects.[2] Zheng testified that her mother began practicing Falun Gong in 1998, and that Zheng began practicing in 2002 after seeing that Falun Gong improved her mother's health. At Zheng's credible fear interview, however, Zheng indicated that both she and her mother began practicing in 2002. The IJ did not err in drawing an adverse inference from this discrepancy and reasonably declined to accept Zheng's proffered explanation—that she made a mistake at her credible fear interview. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Likewise, Zheng testified that the authorities came to her home on December 23, 2002, but stated at her credible fear interview that this occurred in February 2003. Although minor discrepancies may not always provide support for an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), we have held that where an applicant alleges an "event of major importance," a fact-finder "might reasonably expect him to have had a clear recollection" of the date it occurred, *Zhou Yun Zhang v. INS,* 386 F.3d 66, 77 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (*en banc*). Because Zheng based her past persecution claim on the beating she allegedly suffered during her attempted arrest, the IJ reasonably based his adverse credibility determination in part on Zheng's inability to recall the date of this event.

The IJ noted further discrepancies as well. For example, while Zheng testified that she hid at her aunt's house for five months after her mother's arrest, she indicated at her credible fear interview that she hid "in different locations." In addi-

---

**2.** Although Zheng failed to challenge the reliability of the credible fear interview in her brief to this Court, we note that where, as here, there is no indication that an applicant's testimony has been coerced, unfairly truncat-

ed, or mistranslated in any material way, "it is entirely appropriate that a factfinder consider such testimony when making a credibility assessment." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005) (*per curiam*).

tion, while Zheng testified at her hearing that she physically struggled with the authorities when they came to arrest her, at her credible fear interview she made no mention of such a struggle, but indicated instead that she "ran out through the back" when the authorities arrived, that they searched the house for her, and that she went into hiding. These inconsistencies, when considered cumulatively, provided additional support for the IJ's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

■■■ Taken as a whole, the adverse credibility finding was supported by substantial evidence and was a proper basis for the denial of Zheng's asylum claim. Moreover, because the only evidence of a threat to Zheng's life or freedom depended upon her credibility, the adverse credibility determination also precluded success on Zheng's claims for withholding of removal and CAT relief, which were based on the same factual predicate as the asylum claim.[3] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). The agency reasonably denied these claims as well.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.

---

**3.** By failing to raise any challenge to the IJ's determination regarding her illegal departure claim either before the BIA or this Court, Zheng abandoned that claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

